UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FIRST LIBERTY BANK (TEXAS),<br><br>    Plaintiff,<br><br>v.<br><br>FIRST LIBERTY BANK (OKLAHOMA),<br><br>    Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff First Liberty Bank (Texas) brings this complaint against Defendant First Liberty Bank (Oklahoma).

**NATURE OF ACTION, JURISDICTION, & VENUE**

1. This action seeks declaratory judgments of non-infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under Texas law. In the alternative to declaratory judgments of non-infringement by Plaintiff, the action seeks a judgment against Defendant for trademark infringement and related claims.

2. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has supplemental jurisdiction to hear the state-law claims under 28 U.S.C. § 1367(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## THE PARTIES

5. Plaintiff ("FLB Texas") is a state-chartered member bank organized in the State of Texas under the legal name "First Liberty Bank." Its principal address is 1900 Sam Houston, Liberty, Texas 77575.

6. Defendant ("FLB Oklahoma") is a domestic bank chartered by the State of Oklahoma under the legal name "First Liberty Bank." According to state records, its principal address is 9601 N May Avenue, Oklahoma City, OK 73120. It is registered with the Texas Secretary of State as a foreign financial institution and maintains a registered agent in Texas.

## FACTS

### A. FLB Texas and its Marks

7. FLB Texas is a community bank principally serving Liberty County, Northeast Harris County, Chambers County, and Western Jefferson County, and surrounding communities.

8. FLB Texas' predecessor opened for business in 1913. The bank began operating under the name FIRST LIBERTY NATIONAL BANK in 192 and operated continuously under that name from 1925 through November 2022.

9. During its time operating under the name FIRST LIBERTY NATIONAL BANK, the relevant consumers would frequently refer to FLB Texas using the shorthand name "FIRST LIBERTY." This shorthand was effectively synonymous among the relevant consumers with the full name FIRST LIBERTY NATIONAL BANK.

10. FLB Texas owns a federal registration with the U.S. Patent and Trademark Office (PTO) for the mark FIRST LIBERTY NATIONAL BANK, Reg. No. 5,614,975 (the "'975 Registration"). An accurate copy of the registration certificate and assignment records showing current ownership in FLB Texas' name are attached as **Exhibit A.**

11. FLB Texas' '975 Registration issued on November 27, 2018 and lists 1925 as the date of first use in commerce.

12. In November 2022, FLB Texas completed a conversion from a nationally chartered bank to a Texas state-chartered member bank. In parallel with this conversion, FLB Texas changed its legal entity name from FIRST LIBERTY NATIONAL BANK to FIRST LIBERTY BANK in compliance with Texas Finance Code Section 32.502. An accurate copy of the certificate of conversion is attached as **Exhibit B**.

13. Soon after completing its conversion and legal entity name change, FLB Texas filed applications with the PTO to register the marks FIRST LIBERTY BANK (Ser. No. 97/717,079) and FIRST LIBERTY BANK and Design (Ser. No. 97/772,808) on December 17, 2022 and January 30, 2023, respectively.

14. According to the Federal Deposit Insurance Corporation's (FDIC) public records, FLB Texas is the only bank operating in Texas under the name FIRST LIBERTY BANK.

15. According to the Texas Department of Banking's public records, FLB Texas is the only bank operating in Texas under the name FIRST LIBERTY BANK.

16. FLB Texas' FIRST LIBERTY BANK mark is legally equivalent to the FIRST LIBERTY NATIONAL BANK mark under which it operated from 1925 through November 2022. The removal of the generic word "NATIONAL"—the only difference between the two marks—does not change the mark's consumer impression or its origin-indicating significance to the relevant consumers in FLB Texas' markets. In either variation, the mark plainly and unmistakably indicates FLB Texas as the source.

17. Through its longstanding and continuous use, FLB Texas enjoys strong and enforceable common-law rights in its legally equivalent FIRST LIBERTY NATIONAL BANK and FIRST LIBERTY BANK marks (together, the "FIRST LIBERTY Marks").

18. Similarly, FLB Texas has developed tremendous goodwill in its FIRST LIBERTY Marks. That goodwill is important and valuable to FLB Texas.

19. Also, as for its FIRST LIBERTY NATIONAL BANK mark specifically, FLB Texas owns nationwide exclusive rights arising from the '975 Registration.

**B.  FLB Oklahoma and its Texas-Based Founder, Joey Root**

20. On information and belief, Defendant FLB Oklahoma operates a state-chartered bank in Oklahoma under the name FIRST LIBERTY BANK.

21. According to publicly available Oklahoma state records, FLB Oklahoma has been registered to do business in Oklahoma since October 2, 2006.

22. According to FLB Oklahoma's website, "[FLB Oklahoma] is first and foremost a community bank, focusing on the Greater Oklahoma City Metro and

Norman." An accurate copy of a screenshot of FLB Oklahoma's website containing this language is attached as **Exhibit C**.

23. On information and belief, FLB Oklahoma provides banking services exclusively in in the State of Oklahoma.

24. On information and belief, FLB Oklahoma does not provide banking services in the State of Texas and is not even legally authorized to do so.

25. On information and belief, FLB Oklahoma was founded by Joey Root, who currently serves on the bank's management team.

26. On information and belief, Root is the grandnephew of the founder of FLB Texas, Bert Reviere.

27. On information and belief, Root grew up in Liberty, Texas, where FLB Texas is headquartered.

28. In a March 5, 2018 interview with Mettise, an Oklahoma City consulting firm, Root answered the question "Why the name First Liberty" by explaining "I grew up in Liberty, Texas. My family founded and still owns a significant portion of [FLB Texas] based in my home[]town. The bank was founded in 1913 by my great uncle, Bert Riviere. . . . The bank was a big part of my life and the history of my family, so it was natural to name the bank I founded First Liberty Bank." An accurate copy of a screenshot from Mettise's website, containing the text of this interview, including the language just quoted, is attached as **Exhibit D**.

29. Based on Root's unambiguous public statements, FLB Oklahoma was aware of FLB Texas and its marks when it adopted the name FIRST LIBERTY BANK.

30. On information and belief, FLB Oklahoma deliberately adopted a mark highly similar to FLB Texas' FIRST LIBERTY NATIONAL BANK mark (and identical to FLB Texas' legally equivalent FIRST LIBERTY BANK mark).

31. On March 3, 2022, FLB Oklahoma filed an application with the PTO to register the mark FIRST LIBERTY BANK, Ser. No. 97/822,315. FLB Oklahoma filed this application despite its prior knowledge of FLB Texas and its marks, and despite the two prior-filed, pending applications by FLB Texas incorporating FIRST LIBERTY BANK, discussed above.

  **C.** **FLB Oklahoma's Pre-Lawsuit Communications with FLB Texas**

32. FLB Oklahoma reached out to FLB Texas multiple times before this lawsuit. Those communications began with requests that FLB Texas permit FLB Oklahoma to use the name FIRST LIBERTY BANK in Texas. When those requests were rebuffed, FLB Oklahoma incredibly transitioned into a legal demand that FLB Texas stop using the name FIRST LIBERTY BANK in Texas.

33. Specifically, in approximately 2016 or 2017, FLB Oklahoma first requested permission from FLB Texas to use the name FIRST LIBERTY BANK in the Dallas-Fort Worth area.

34. FLB Texas, as the senior user in Texas, denied this request.

35. In early December 2022, FLB Oklahoma again requested permission from FLB Texas to use the name FIRST LIBERTY BANK. This time, FLB Oklahoma

proposed a formal written agreement that would have authorized it to use the name in the Dallas-Fort Worth area.

36. FLB Texas again denied this request.

37. Despite having twice requested FLB Texas' *permission* to use the name, FLB Oklahoma at some point inexplicably decided that it had the legal right to demand that FLB Texas *stop* using the name in Texas.

38. On March 3, 2023, FLB Texas received a letter from FLB Oklahoma alleging that FLB Texas' use of FIRST LIBERTY BANK "infringe[d]" and "violated" FLB Oklahoma's trademark rights. The letter demanded that FLB Texas "cease, desist, and permanently refrain" from using the mark FIRST LIBERTY BANK and abandon its pending applications in the PTO. An accurate copy of FLB Oklahoma's March 3, 2023 cease-and-desist letter is attached as **Exhibit E**.

39. The letter promised to take "any and all action to protect" FLB Oklahoma's alleged trademark rights in FIRST LIBERTY BANK, including "but not limited to [] formal action in the USPTO" should FLB Texas not agree to these demands "on or by March 17, 2023."

40. In response to these explicit allegations of trademark infringement and imminent threats to pursue formal legal action, FLB Texas has filed this declaratory judgment action to clarify and settle its legal right to continue using its FIRST LIBERTY Marks in Texas.

COUNT I:
FEDERAL DECLARATORY JUDGMENT OF NON-INFRINGEMENT
(Lanham Act, 15 U.S.C. § 1051 *et seq.*; 28 U.S.C. §§ 2201 & 2202)

41. FLB Texas incorporates and re-asserts the allegations above.

7

42. FLB Oklahoma has expressly accused FLB Texas of trademark infringement and threatened imminent legal action in the March 3, 2023 cease-and-desist letter.

43. However, FLB Oklahoma cannot prove the elements of trademark infringement under the Lanham Act.

44. Specifically, FLB Oklahoma cannot prove senior ownership of a legally protectable mark.

45. FLB Texas, not FLB Oklahoma, is the senior user of the FIRST LIBERTY Marks by nearly 80 years.

46. FLB Texas first used its FIRST LIBERTY NATIONAL BANK mark in 1925. FIRST LIBERTY NATIONAL BANK and FIRST LIBERTY BANK are legally equivalent marks. Thus, FLB Texas' decades-long use of the former mark "tacks" onto its use of the latter mark.

47. In addition, and independently, FLB Oklahoma owns no protectable trademark rights to enforce against FLB Texas in Texas. FLB Oklahoma does not use, and has not used, the mark FIRST LIBERTY BANK for banking services in Texas. In fact, FLB Oklahoma cannot legally offer banking services in Texas until it satisfies the applicable Texas state-law banking regulations, which on information and belief it has not.

48. Without use of the mark in Texas for banking services, FLB Oklahoma does not and cannot have any protectable senior trademark rights to assert against FLB Texas in Texas.

49. Accordingly, FLB Texas has not infringed or violated any of FLB Oklahoma's alleged rights under the Lanham Act.

50. FLB Texas asks the Court to enter a declaratory judgment to that effect under the Lanham Act and 28 U.S.C. §§ 2201 & 2202.

51. An actual case or controversy exists about these issues, as shown by FLB Oklahoma's unambiguous claims and legal threats in its March 3, 2023 cease-and-desist letter, in which it imminently threatened legal action by March 17, 2023. FLB Texas is entitled to a declaratory judgment to clarify and settle its legal rights.

## COUNT II:
## TEXAS DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*)

52. FLB Texas incorporates and re-asserts the allegations above.

53. The elements of Texas common law trademark infringement are legally identical to the elements of infringement under the Lanham Act.

54. Thus, for the same reasons enumerated in Count I above, FLB Oklahoma cannot prove trademark infringement under Texas common law.

55. Accordingly, FLB Texas has not infringed or violated any of FLB Oklahoma's alleged rights under Texas common law.

56. FLB Texas asks the Court to enter a declaratory judgment to that effect under Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*

57. An actual case or controversy exists about these issues, as shown by FLB Oklahoma's unambiguous claims and legal threats in its March 3, 2023 cease-and-desist letter, in which it imminently threatened legal action by March 17, 2023. FLB Texas is entitled to a declaratory judgment to clarify and settle its legal rights.

## COUNT III IN THE ALTERNATIVE:
### FEDERAL INFRINGEMENT OF REGISTERED MARKS
### (15 U.S.C. § 1114(1))

58. FLB Texas incorporates and re-asserts the allegations above.

59. FLB Texas brings this count in the alternative to counts I and II above. FLB Texas maintains that there is no infringement under the Lanham Act or Texas law, as outlined in those counts. In the event the Court disagrees, FLB Texas asserts as follows in the alternative:

60. FLB Texas owns protectable, federally registered rights in the mark FIRST LIBERTY NATIONAL BANK, covered by the '975 Registration.

61. FLB Texas has priority over FLB Oklahoma for the services covered by the '975 Registration.

62. FLB Texas' registered rights in the '975 Registration "tack" onto FLB Texas' current use of FIRST LIBERTY BANK because the marks are legally equivalent.

63. FLB Oklahoma's unauthorized junior use of FIRST LIBERTY BANK is likely to cause confusion, to cause mistake, or to deceive. The relevant consumers are likely to believe that the parties have some connection or affiliation, when in fact they do not.

64. FLB Oklahoma has thus infringed FLB Texas' registered trademark rights in violation of 15 U.S.C. § 1114(1).

## COUNT IV IN THE ALTERNATIVE:
### FEDERAL INFRINGEMENT OF UNREGISTERED MARKS
### (15 U.S.C. § 1125(a))

65. FLB Texas incorporates and re-asserts the allegations above.

66. FLB Texas brings this count in the alternative to counts I and II above. FLB Texas maintains that there is no infringement under the Lanham Act or Texas law, as outlined in those counts. In the event the Court disagrees, FLB Texas asserts as follows in the alternative:

67. FLB Texas owns protectable federal unregistered rights in numerous marks and logos incorporating FIRST LIBERTY BANK.

68. FLB Texas' rights in these marks cover banking services and related financial services.

69. FLB Texas has priority over FLB Oklahoma for these relevant services.

70. FLB Texas' decades-long prior use of FIRST LIBERTY NATIONAL BANK "tacks" onto its current use of FIRST LIBERTY BANK because the marks are legally equivalent.

71. FLB Oklahoma's unauthorized junior use of FIRST LIBERTY BANK is likely to cause confusion, to cause mistake, or to deceive. The relevant consumers are likely to believe that the parties have some connection or affiliation, when in fact they do not.

72. FLB Oklahoma has thus infringed FLB Texas' unregistered trademark rights in violation of 15 U.S.C. § 1125(a).

### COUNT V IN THE ALTERNATIVE:
### TEXAS COMMON LAW INFRINGEMENT OF UNREGISTERED MARKS

73. FLB Texas incorporates and re-asserts the allegations above.

74. FLB Texas brings this count in the alternative to counts I and II above. FLB Texas maintains that there is no infringement under the Lanham Act or Texas

law, as outlined in those counts. In the event the Court disagrees, FLB Texas asserts as follows in the alternative:

75. FLB Texas owns protectable Texas common law rights in numerous marks and logos incorporating FIRST LIBERTY BANK.

76. FLB Texas' rights in these marks cover banking services and related financial services.

77. FLB Texas has priority over FLB Oklahoma for these relevant services in Texas.

78. FLB Texas' decades-long use of FIRST LIBERTY NATIONAL BANK in Texas "tacks" onto its current unregistered rights in FIRST LIBERTY BANK in Texas because the marks are legally equivalent.

79. FLB Texas also independently has priority over FLB Oklahoma in Texas, even without this "tacking," because FLB Texas was first to use the FIRST LIBERTY BANK in Texas for banking services. FLB Oklahoma has not offered, and is not even legally authorized to offer, banking services in Texas.

80. FLB Oklahoma's unauthorized junior use of FIRST LIBERTY BANK in Texas for banking services is likely to cause confusion, to cause mistake, or to deceive. The relevant consumers are likely to believe that the parties have some connection or affiliation, when in fact they do not.

81. FLB Oklahoma has thus infringed FLB Texas' trademark rights in violation of Texas common law.

## COUNT VI IN THE ALTERNATIVE:
## REFUSAL OF DEFENDANT'S PENDING TRADEMARK APPLICATION
## (15 U.S.C. §§ 1052(d), 1063, 1064, 1119)

82. FLB Texas incorporates and re-asserts the allegations above.

83. FLB Texas brings this count in the alternative to counts I and II above. FLB Texas maintains that there is no infringement under the Lanham Act or Texas law, as outlined in those counts. In the event the Court disagrees, FLB Texas asserts as follows in the alternative:

84. This Court has authority under 15 U.S.C. §§ 1063, 1064 and 1119 to determine a party's right to register a mark with the PTO.

85. FLB Oklahoma has no right to register the mark FIRST LIBERTY BANK covered by its pending PTO application Ser. No. 97/822,315.

86. FLB Texas, not FLB Oklahoma, is the senior user of FIRST LIBERTY BANK for the covered goods and services.

87. The mark covered by FLB Oklahoma's pending application is likely to cause confusion, to cause mistake, or to deceive.

88. Accordingly, 15 U.S.C. § 1052(d) bars registration.

89. FLB Oklahoma's application, Ser. No. 97/822,315, should thus be refused registration under 15 U.S.C. §§ 1063 and 1119.

90. If FLB Oklahoma's application matures into a registration while this action is pending, the resulting registration should be cancelled under 15 U.S.C. §§ 1064 and 1119 on the same grounds outlined above.

#### COUNT VII IN THE ALTERNATIVE: UNJUST ENRICHMENT

91. FLB Texas incorporates and re-asserts the allegations above.

92. FLB Texas brings this count in the alternative to counts I and II above. FLB Texas maintains that there is no infringement under the Lanham Act or Texas law, as outlined in those counts. In the event the Court disagrees, FLB Texas asserts as follows in the alternative:

93. Under Texas common law, FLB Oklahoma's unlawful actions have unjustly enriched it at the expense of FLB Texas.

#### PRAYER

FLB Texas asks the Court to:

A. enter a declaratory judgment of non-infringement for FLB Texas under the Lanham Act and 28 U.S.C. §§ 2201 & 2202;

B. enter a declaratory judgment of non-infringement for FLB Texas under Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*;

C. in the alternative to subparagraphs A & B above:

   1. enter judgment for FLB Texas on its claims III through VII in the alternative;

   2. find that FLB Oklahoma has infringed FLB Texas' trademark rights under the Lanham Act and Texas common law;

   3. permanently enjoin FLB Oklahoma from using, registering, or applying to register the mark FIRST LIBERTY BANK or any other confusingly similar mark;

   4. award FLB Texas all monetary remedies to which it is entitled under the Lanham Act and under Texas law; and

   5. issue an order certified to the Director of the U.S. Patent and Trademark Office ordering refusal of FLB Oklahoma's pending application Ser. No. 97/822,315, or cancellation of any resulting registration.

D.  award First Liberty its costs and reasonable attorneys' fees under 15 U.S.C. § 1117(a) and Texas law; and

E.  award any other relief that the Court deems just and proper.

DATED: March 17, 2023                    Respectfully submitted,

/s/ *Ed R. Norwood*                      /s/ *Travis R. Wimberly*
Ed R. Norwood                            Travis R. Wimberly
State Bar No. 15113500                   State Bar No. 24075292
THE NORWOOD LAW FIRM                     Daniel S. Martens
340 Main Street                          State Bar No. 24116722 (application
Liberty, TX 77575                        for admission to the E.D. Tex. pending)
(936) 336-3700                           PIRKEY BARBER PLLC
(936) 336-7634 (fax)                     1801 E. 6th Street, Suite 300
enorwood@ednorwoodlaw.com                Austin, TX 78702
                                         (512) 322-5200
                                         (512) 322-5201 (fax)
                                         twimberly@pirkeybarber.com
                                         dmartens@pirkeybarber.com

*Counsel for Plaintiff First Liberty Bank (Texas)*